DAVID G. CROFUT, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 31125.) ANITA M. CROFUT, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 31126.) — The State appeals from judgments of the Court of Claims, entered upon awards of $11,000 to claimant David Crofut and $5,000 to claimant Anita Crofut, for damages arising from an automobile accident on a State highway. The claimants cross-appeal on the ground of inadequacy. On January 22, 1950, at about four o'clock, P.M., claimant David Crofut was driving his automobile in which his wife, Anita Crofut, was a passenger, in a southerly direction on a State highway known as Route 40 when his car skidded upon an area of ice and, while out of control, collided with an oncoming vehicle on a bridge over Tonhannock Creek about one mile south of Schaghticoke, N. Y. The two-lane concrete highway descended at about a 5% grade and curved to Crofut's left as he approached the bridge. The area of ice covering the highway extended from the bridge northerly about 100 feet to a point opposite two private driveways on opposite sides of the road which sloped downward toward the highway. The road generally was substantially free from ice and snow elsewhere in the vicinity. At a point under the center of the highway about 100 feet north of the bridge a long-existing condition caused water to seep up and flow out from under the west edge of the highway and to flow down the highway toward the bridge. Surface water also flowed from the two driveways onto the highway and down the highway toward the bridge. A State sanding truck, engaged in sanding State highways, passed over the spot about two hours before the accident and did not sand the area. The Court of Claims has found that these conditions arose from faulty drainage facilities; that the State had knowledge thereof and failed to correct the same; that the condition was dangerous and no warning signs of the dangerous condition were erected, and that the conditions described and the negligence of the State caused the accident without any negligence on the part of claimants. The record amply sustains the findings. We have examined the record as to the nature and extent of the injuries and damages involved and reached the conclusion that the amount of the awards is within a fair and reasonable range of compensation. Judgments unanimously affirmed, with costs to claimants-respondents. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.